UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN MOON,<br><br>    Plaintiff,<br><br>  v.<br><br>J. TRUETT; et al.,<br><br>    Defendants.<br>_____ / | No. C 13-2721 SI (pr)<br><br>**ORDER TO SHOW CAUSE WHY PAUPER STATUS SHOULD NOT BE REVOKED** |

    Adrian Moon, a prisoner at the Valley State Prison in Chowchilla, filed a civil rights complaint under 42 U.S.C. § 1983, and applied to proceed *in forma pauperis* under 28 U.S.C. § 1915.

    A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

    For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious"

refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Moon has filed many cases in the several federal courts in California does not alone warrant dismissal under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. The qualifying cases include: (1) *Moon v. Johnson*, C. D. Cal. No. 12-632-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (2) *Moon v. Johnson*, C. D. Cal. No. 12-1514-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (3) *Moon v. Johnson*, C. D. Cal. No. 12-4972-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); (4) *Moon v. Baca*, C. D. Cal. No. 12-5754-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim); and (5) *Moon v. Baca*, C. D. Cal. No. 12-7697-UA (MLG) (dismissed as malicious and frivolous, and for failure to state a claim).

(The Ninth Circuit already has agreed with the Central District of California's conclusion that Moon has three qualifying dismissals. *See Moon v. Baca*, Ninth Cir. No. 12-56630 ("the district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted").)

In light of these dismissals, and because Moon did not appear to be under imminent danger of serious physical injury when he filed the complaint, he is ORDERED TO SHOW CAUSE in writing filed no later than **November 8, 2013,** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Moon may avoid dismissal by paying the full $400.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
SUSAN ILLSTON
United States District Judge