1

2

3

4

5                 UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8    ADRIAN MOON,                          No. C 13-2721 SI (pr)

9              Plaintiff,                  **ORDER OF DISMISSAL**

10        v.

11   J. TRUETT; et al.,

12             Defendants.

13   _____/

14

15        On October 8, 2013, the court ordered plaintiff, Adrian Moon, to show cause why this

16   action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may

17   not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or

18   more prior occasions, while incarcerated or detained in any facility, brought an action or appeal

19   in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

20   or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent

21   danger of serious physical injury."  28 U.S.C. § 1915(g).  The order identified five prior

22   dismissals that appeared to count under § 1915(g), stated that Moon did not appear to be under

23   imminent danger of serious physical injury when he filed the complaint, and ordered Moon to

24   show cause why pauper status should not be denied and the action should not be dismissed.  The

25   order further stated that Moon also could avoid dismissal by paying the filing fee by the

26   deadline.

27        Moon did not file a response urging that there was any reason not to count any of the

28   dismissals identified in the order to show cause.  Instead, he continued to urge that he satisfied

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

the "imminent danger" exception to § 1915(g).  He filed an "*ex parte* application for motion for clarification on order to show cause why pauper status should not be revoked," in which he stated he had not received any response to his earlier filed motions, and requested rulings on those motions as well as an explanation from the court why he did not satisfy the "imminent danger" exception. (Docket # 18.)  The court was under no obligation to explain its "imminent danger" exception reasoning in the order to show cause or earlier.  The court also is not obliged to rule on a plaintiff's other motions before addressing the § 1915(g) issue which may be dispositive of whether the action can proceed at all.

A prisoner otherwise barred by § 1915(g) may bring an action as a pauper if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  The "imminent danger" exception is assessed as of the time of the filing of the complaint.  *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Id.*  Here, at least a month before he filed his complaint, Moon had been transferred away from the prison at which the alleged wrongs occurred and at which the alleged wrongdoers worked.   He complained not of ongoing policies, but of specific incidents in which defendants used force and filed wrongful charges against him at CTF-Soledad between June 26, 2012 and February 26, 2013.  The defendants are employees at CTF-Soledad.  Moon had been transferred to the Valley State Prison in Chowchilla at least a month before he signed the complaint for this action on June 3, 2013.  *See*  Docket # 2 at 11 (mail sent by Moon from Chowchilla on May 5, 2013); *id.* at 34 (mail dated May 3, 2013 addressed to Moon at Chowchilla).  Moon's pre-filing transfer to a new prison strongly suggests he was not under imminent danger at the time he filed his complaint.  *See Andrews*, 493 F.3d at 1056-57 (an *ongoing* danger, such as prison officials continuing with a practice that had caused injury to plaintiff or other similarly situated inmates will satisfy the imminent danger exception).

Moon urges that four "statements of fact" show that he met the "imminent danger" exception.  *See* Docket # 18 at 2-3.  He contends that an unidentified defendant plotted "several

2

assassination attempts" of an unstated nature against him on unidentified dates during a six month period. *Id.* at 2. This conclusory assertion is not a credible showing of the existence of an imminent danger at the time of the filing of the complaint. As mentioned above, he was not even at the same prison as the defendants at the time he filed his complaint. Moon next alleges that the "arsenic levels in the water well exceeded the state and federal levels." *Id.* Even assuming the plaintiff actually knows the arsenic levels in the water supply, they have nothing to do with the allegations of his complaint. The imminent danger has to bear some connection to the claims alleged; otherwise, any frequent filer with a creative imagination could satisfy the exception by alleging things such as environmental and cosmic concerns. He next alleges that defendants filed several false disciplinary reports "citing that [Moon] threatened to kill several of the named defendants." *Id.* at 2-3. The prisoner has to be the one under imminent danger, not be threatening imminent danger to someone else, to fit within the exception. Finally he contends that unidentified defendants "paid a money bribe to a federal judge to dismiss related civil case without prejudice to not hear motion for TRO." *Id.* at 3. This conclusory allegation is not credible and does not suffice to show any imminent danger to Moon at the time of filing of the complaint. Moon was not under any imminent danger at the time he filed the complaint in this action.

Each of the five cases identified in the order to show cause counts as a dismissal for § 1915(g) purposes. Moon did not pay the filing fee, did not show that any of the prior dismissals could not be counted under § 1915(g), does not appear to be under imminent danger of serious physical injury, and did not otherwise show cause why this action could not be dismissed. For the foregoing reasons, Moon's *in forma pauperis* application is DENIED. (Docket # 3, # 7.) This action is dismissed for failure to pay the $400.00 filing fee.

In light of the dismissal of this action, plaintiff's motion for pre-lawsuit discovery, motion for a temporary restraining order, motion for a ruling on request to proceed *in forma pauperis*, motion for appointment of counsel, motion for clarification on order to show cause, and motion to transfer the case are DISMISSED as moot. (Docket # 2, # 11, # 12, # 13, # 18, # 19.) The

court has, however, considered the arguments in Docket # 12 and # 18 in evaluating whether Moon fits within the "imminent danger" exception to § 1915(g).

The clerk shall close the file.

IT IS SO ORDERED.

Dated: November 22, 2013

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

4